

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2431 | **DATE** | 9/18/2003 |
| **CASE TITLE** | Cynthia Cooper et al. Vs. Durham School Services etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. For the following reasons, defendant's motion is granted in part and denied in part. Status hearing set for October 22, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | SEP 2 2 2003 |
| ✓ | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH | courtroom deputy's initials | date mailed notice |

Document Number
13

U.S. DISTRICT COURT
CLERK
03 SEP 19 AM 11:04
FILING
Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA COOPER and RAPID TEST PRODUCTS, INC., | ) ) ) | DOCKETED<br>SEP 2 2 2003 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 03 C 2431 |
| DURHAM SCHOOL SERVICES a/k/a ROBINSON BUS SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Rapid Test Products, Inc. (RTP) and Cynthia Cooper, RTP's majority owner, brought this action against defendant Robinson Bus Services, Inc., a/k/a Durham School Services (Durham), seeking a declaratory judgment declaring the right of RTP to participate as a subcontractor for the Chicago Public Schools (Schools). In the alternative, plaintiffs allege breach of contract (Count II), unjust enrichment (Count III), common law fraud (Count IV), tortious interference with prospective business advantage (Count V), injunctive relief (Count VI), and violation of 42 U.S.C. § 1981 (Count VII). Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Cynthia Cooper, an African-American woman, claims that RTP qualifies as both a minority-owned and woman-owned business enterprise, allowing its participation as

13

a disadvantaged business entity (DBE) in publicly-funded contracts.

In late 2001 and early 2002, RTP and Durham negotiated an agreement in which RTP would serve as a subcontractor to Durham for work to be done for the Chicago Public Schools under contract no. 02-250030, which extends to August 31, 2005. Pursuant to the agreement between RTP and Durham, Ms. Cooper executed a signed letter of intent asserting RTP's status as a DBE. The letter of intent further stated that RTP would provide drug testing for Durham employees involved in the contract.

On or about March 22, 2002, Durham provided the Schools with an affidavit in support of its application for work under the contract. The affidavit confirmed its compliance with the Schools' DBE requirements and informed the Schools that RTP would receive 2% of the contract's value – a total of $434,547.50. Durham also submitted RTP's letter of intent.

After securing the Schools contract, Durham did not employ RTP to provide drug testing of its employees. In an effort to determine the status of RTP's agreement with Durham, Ms. Cooper inquired about the timetable for work under the Schools contract. On August 8, 2002, Ms. Cooper sent Durham a written request to "know where things stand" regarding their agreement. In response, Durham requested that RTP arrange for the fingerprinting of Durham's drivers and the preparation of forms to be used for future work. RTP performed these tasks and received payment for them. However, in October 2002, after Durham had provided no additional work to RTP, Ms. Cooper once again wrote to Durham requesting that Durham comply with its obligations. In January 2003 (the letter is misdated January 30, 2002), the Director of the Office of Business Diversity of the Chicago Public Schools wrote to Durham regarding its commitment to subcontract work to RTP. The director informed

Durham that it was required to honor its commitment as a condition of being awarded the contract with the Schools, reminding Durham that two-and-a-half years still remained under the contract. The director requested that Durham inform the Schools as to its intentions. Durham has not used any further services of RTP since these communications.

<u>DISCUSSION</u>

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. <u>Triad Assocs., Inc. v. Chicago Hous. Auth.</u>, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. <u>Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund</u>, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Before discussing plaintiffs' individual counts, defendant challenges plaintiff Cynthia Cooper's standing to sue on all claims. To have standing an individual must have a personal stake in the controversy which arises from a "distinct and palpable injury" – an injury in fact, not a conjectural harm. *See* <u>Duke Power Co. v. Carolina Envtl. Study Group, Inc.</u>, 438 U.S. 59, 72 (1978); <u>Gillespie v. City of Indianapolis</u>, 185 F.3d 693, 701 (7th Cir. 1999). Defendant argues that Cooper lacks an actual and substantial interest in the subject matter of the action because she has not sustained any distinct injury in fact. We agree that Cooper does not have standing.

The plaintiffs base their claims on an alleged contract between RTP and Durham, and RTP's status as a third party beneficiary of a contract between Durham and the Schools.

Cooper is not a named party to either of these alleged contracts, yet she asserts standing based on her status as majority owner of RTP. Cooper emphasizes RTP's role not just as a subcontractor involved in the contracts, but as a disadvantaged business entity. Cooper argues that since the Schools' DBE program seeks to increase the participation of minority- and women-owned businesses, she gained a personal stake in this case as a minority woman business owner. Cooper asserts that RTP's certification of DBE status clarifies her stake, for it certifies that a minority woman was going to take part in the Schools contract.

Cooper cites <u>Fullilove v. Klutznick</u>, 448 U.S. 448 (1980), <u>Baja Contractors, Inc. v. City of Chicago</u>, 830 F.2d 667 (7th Cir. 1987) and <u>U.S. ex rel King v. F.E. Moran, Inc.</u>, 2002 WL 2003219 (N.D.Ill. 2002), in support of her arguments. However, as the defendant points out all of these cases focus on the benefits of DBE programs to minority-owned businesses, not to the business owners. None of these cases grants standing to an owner, individually, for the lost contracting opportunity of the business.

The court in <u>Perez v. Abbott Laboratories</u>, 1995 WL 86716 (N.D.Ill. 1995), directly addressed a minority business owner's standing to sue for the denial of contracting rights when his business is the contracting party. In <u>Perez</u>, plaintiffs supported their 42 U.S.C. § 1981 claim with two decisions from the District Court of Colorado, which held that a president/sole shareholder of a corporation had standing to assert a race discrimination claim when his corporation was denied a contract due to race. <u>Id.</u> at 4. The Colorado courts reasoned that the corporation had been stamped with the "minority racial identity" of the owner and, therefore, the owner's claim merged with that of the corporation. <u>Id.</u> *citing* <u>Great American Tool and Mfg. Co. v. Adolph Coors Co.</u>, 780 F. Supp. 1354 (D. Colo. 1992) and

Rosales v. AT&T Information Systems, Inc., 702 F.Supp. 1489 (D.Colo.1988). However, the court in Perez declined to follow the decisions of the District Court of Colorado. 1995 WL 86716 at *5. As the court explained, a shareholder, even a sole shareholder, is distinct from the corporation and cannot sue unless he or she suffers direct injury. Id. Cooper has not alleged that she suffered any direct personal injury that would call for relief under 42 U.S.C. § 1981.

Cooper brings all of her other claims: declaratory relief, unjust enrichment, common law fraud, tortious interference with business expectancy and injunctive relief, in the name of her business as well. Thus, she cannot establish that she suffered "an invasion of a legally protected interest." See Boudrea ex rel. Boudreau v. Ryan, 2002 WL 314794, *4 (N.D.Ill. 2002). Since Cooper lacks requisite standing, all of her claims are dismissed.

Despite this ruling no count of plaintiffs' complaint is wholly dismissed, for RTP asserted all the same claims as Cooper. Defendant has not challenged RTP's standing to assert the claims in the complaint. As the named party to the alleged contract, RTP has the requisite standing. Therefore, we will now address the motion to dismiss each claim individually. Of the seven claims brought by RTP, only one provides the basis for federal jurisdiction, the claim for relief under 42 U.S.C. 1981.[1] Since the court would lack jurisdiction over the remaining claims if this federal claim is dismissed, our analysis will begin with Count VII of the complaint.

---

[1]Though the claim for declaratory relief derives from 28 U.S.C. § 2201, the Declaratory Judgment Act standing alone does not provide a basis for federal jurisdiction. Ream v. Handley, 359 F.2d 728, 732 (7th Cir. 1966).

## Count VII - 42 U.S.C. § 1981

In Count VII, RTP asserts that Durham violated its rights under 42 U.S.C. § 1981. Section 1981 provides, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws . . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Defendant argues that RTP's claim under § 1981 must be dismissed due to plaintiff's failure to sufficiently allege the existence of a contract between RTP and Durham. Durham's motion to dismiss this claim is denied.

In support of its argument to dismiss the § 1981 claim, as well as the breach of contract and declaratory relief claims discussed below, defendant argues that RTP insufficiently plead the existence of a contract. Defendant contends all plaintiffs' references to a contract are conclusory allegations. However, the inclusion of conclusory allegations in a complaint does not justify the dismissal of a claim. *See* Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002)("A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. The federal rules require (with irrelevant exceptions) only that the complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid.") The Seventh Circuit has made clear that, except for claims of fraud, "a complaint is not required to allege all, *or any*, of the facts logically entailed by the claim . . . ." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998). A complaint is only the starting point of litigation. Id. at 518. Despite its deficiencies, a complaint is sufficient if it gives the defendants notice of the claim(s) for relief. Id. As the court in Bennett explained, a plaintiff's claim of racial discrimination in employment would

survive a Rule 12(b)(6) motion even if her complaint merely stated, "I was turned down for a job because of my race." Id.

Despite the fact that the defendant did not need to plead facts to survive a motion to dismiss, RTP did provide facts supporting the existence of a contract. RTP stated that from late 2001 until early 2002 it negotiated with Durham before reaching an agreement regarding RTP's subcontracting work. Following this agreement, RTP wrote a letter of intent which affirmed that it would provide drug testing for certain Durham employees working under the Schools contract. Durham provided this letter of intent along with its own affidavit to the Schools. Durham's affidavit asserted that RTP would participate in its service contract with the Schools to the extent of 2% of its value. Thus, RTP alleged the existence of a contract between RTP and Durham under which RTP would test Durham employees for drugs and Durham would pay RTP $434,547.50. These allegations more than satisfy the pleading standard described by the Seventh Circuit in Carter and Bennett.

Defendants rely on Blumenthal v. Murray, 995 F.Supp. 831 (N.D.Ill. 1998), to support their contention that RTP failed to state a claim under § 1981 because it insufficiently plead the existence of a contract. In Blumenthal, the court dismissed a § 1981 claim due to the plaintiff's failure to specifically allege a contractual relationship. Id. at 835. However, Blumenthal is not persuasive, for it is both out of tune with the Seventh Circuit's more recent elaborations on pleading standards and easily distinguishable from this case. In Blumenthal, the plaintiff's complaint made only one reference to a "contract agreement" and provided no other facts regarding the possible existence of a contractual relationship. Id. As noted, RTP's complaint contains several allegations regarding the existence of a contract, not just one

fleeting reference.

Since RTP's § 1981 claim survives the motion to dismiss on the basis of its alleged contract with Durham, we need not address whether the complaint sufficiently alleged RTP's third party beneficiary status to the contract between Durham and the Schools. Given plaintiff's success in pleading a claim under § 1981, we now turn to its declaratory relief and state law claims.

## Count II - Breach of Contract

Count II in RTP's complaint is for breach of contract. Plaintiff alleges that Durham failed to meet its obligations to RTP under its contract, as well as under a contract between Durham and the Schools, to which RTP was a third party beneficiary. Durham argues that this claim should be dismissed due to RTP's failure to plead (1) a valid and enforceable contract; (2) facts establishing a breach; (3) its own performance; and (4) its third party beneficiary status. The motion to dismiss this claim is denied. RTP has sufficiently plead breach of contract.

To state a claim for breach of contract in Illinois, the plaintiff must allege the following elements: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." Elson v. State Farm Fire and Cas. Co., 295 Ill.App.3d 1, 6, 691 N.E.2d 807, 811 (1st Dist. 1998) *citing* Nielsen v. United Services Auto. Ass'n, 244 Ill.App.3d 658, 662, 612 N.E.2d 526, 529 (2d Dist. 1993). While "Illinois, a fact-pleading state, also requires a plaintiff to allege facts sufficient to indicate the terms of the contract claimed to be breached," the Federal Rules of Civil Procedure "do not require particular facts to be alleged in the complaint." Arifin v,

Schude, 1999 WL 342395, *5 (N.D.Ill. 1999). All of defendant's case law indicating otherwise, predates the Seventh Circuit's recent explanation of the pleading standard in Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998), McCormick v. City of Chicago, 230 F.3d 319 (7th Cir. 2000), and Higgs v. Carter, 286 F.3d 437 (7th Cir. 2002).

As stated above, RTP alleges an agreement under which it would serve as a subcontractor to Durham, providing drug testing services in exchange for payment of $434,547.50. RTP asserts that it has been "ready, willing, and able to perform its obligations under the relevant agreements and has done each and everything required of it by Durham ...." Despite this, Durham has refused to use RTP for the work agreed upon, causing damage to RTP. Contrary to Durham's contentions that these pleadings allege neither a valid contract nor RTP's performance, the complaint sufficiently addresses each element of a breach of contract claim.

Durham also argues that even if the pleadings establish a valid contract, they fail to establish a breach because they do not allege a specific term of duration for the contract. Under Illinois law, an executory contract lacking an express term of duration is terminable at the will of either party. Thus, Durham contends the alleged contract was terminable at-will. However, the question before the court is not whether RTP must prove a term of duration in order to win its case, but whether it must plead this detail in order to survive a motion to dismiss. Ryan v. Wersi Electronics GmbH and Co., 3 F.3d 174 (7th Cir. 1993), on which Durham relies, does not address this question – it involves the Seventh Circuit's review of a summary judgment decision. Here RTP alleges that it agreed to provide drug testing for a stated amount, presumably the drug testing required by Durham's contract with Schools, a

contract running until August 31, 2005. RTP's assertions regarding the parties' obligations and Durham's breach suffice to state a claim.

Since RTP has stated a claim for breach of contract under its alleged contract with Durham, we need not address Durham's final argument that RTP fails to plead third party beneficiary status to the contract between Durham and the Schools.

## Count I - Declaratory Relief

In Count I, RTP seeks declaratory relief declaring its rights to participate in the Schools contract. In its motion to dismiss Durham once again argues that the claim is precluded because RTP failed to sufficiently allege an enforceable contract from which a controversy can arise. Though RTP has sufficiently alleged an enforceable contract, the declaratory judgment claim is dismissed.

Under the Declaratory Judgment Act a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The long-recognized purpose of the Act "is to avoid the accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage has accrued." M Credit, Inc. v. Cadlerock, L.L.C., 2003 WL 21800017, *2 (N.D.Ill. 2003) citing Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994). Given this purpose, the courts have identified two related but distinct fact situations in which declaratory judgments are appropriate: "(1) The controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e. a suit for damages or an injunction) but has not done so; and (2) Although the controversy is real and immediate, it has not ripened to such

a point, and it would be unfair or inefficient to require the parties to wait for a decision." Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 749 (7th Cir. 1987); *see also* Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc., 23 F.Supp.2d 906, 907-08 (N.D.Ill. 1998).

Neither of these two situations apply to this case. The first fact pattern does not apply because RTP has sought damages and injunctive relief through its multi-count complaint. The second fact pattern does not apply because the controversy has ripened, allowing RTP to seek resolution through substantive claims. Furthermore, both situations in which declaratory judgments are appropriate involve claimants who anticipate being sued by another party. In this case, plaintiff RTP has not brought its declaratory judgment action in anticipation of litigation by Durham, but rather as part of its own substantive suit against Durham. The courts have held that where a controversy has ripened and a substantive suit would resolve the issues raised by the declaratory judgment action, "the declaratory judgment action 'serves no useful purpose.'" Amari v. Radio Spirits, Inc., 219 F.Supp.2d 942, 944 (N.D.Ill. 2002) *citing* Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 749 (7th Cir. 1987); *see also* F.T.C. v. Bay Area Business Council, Inc., 2003 WL 21003711, *4-*5 (N.D.Ill. 2003).

In Edward E. Gillen Co. v. Elgin Riverboat Resort, 1995 WL 153389 (N.D.Ill. 1995), plaintiff brought a declaratory judgment action to declare its rights to payments under a contract with defendant. In dismissing the action, the court emphasized that plaintiff, not defendant, had the right to a coercive remedy, rendering a declaratory judgment unneccessary. Id. at 3. The court noted that Gillen could sue for breach of contract – a significantly better means to adjudicate it rights. Id. Likewise, in this case, accepting the complaint as true, RTP

has the right to seek a coercive remedy, rendering declaratory relief superfluous.

Count III - Unjust Enrichment

In Count III, RTP brings a claim for unjust enrichment against Durham. Durham moves to dismiss the claim, arguing that RTP is not entitled to restitution for unjust enrichment, if (as RTP alleges) an express contract governs their relationship. Durham further asserts that even if no contract exists, RTP fails to plead the required elements for unjust enrichment, a benefit conferred to Durham and a detriment suffered by RTP. RTP's claim for unjust enrichment is dismissed due to the complaint's allegations of a governing contract.

In its motion to dismiss, defendant states that an unjust enrichment claim is not an independent cause of action but, rather, a remedy for some other wrongdoing. However, the Illinois Supreme Court has recognized a cause of action for unjust enrichment. *See* HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 131 Ill.2d 145, 160, 545 N.E.2d 672, 678-79 (1989). To state a cause of action under Illinois law, a plaintiff must allege that the defendant unjustly retained a benefit to plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. Id. at 679.

Unjust enrichment is a contract substitute and therefore does not succeed where a contract exists. *See* Svitanak v. Elexon, Ltd., 1998 WL 703331, *17 (N.D.Ill. 1998); F. H. Prince & Co., Inc. v. Towers Financial Corp., 275 Ill.App.3d 792, 804, 656 N.E.2d 142, 151, (1ˢᵗ Dist. 1995). Of course, the Federal Rules of Civil Procedure allow parties to plead in the alternative. *See* Fed.R.Civ.P. 8(e)(2). Thus, they may allege both breach of contract and unjust

enrichment, despite any inconsistency between them. *See* <u>Vanguard Fin. Serv. Corp. v. RW Prof'l Leasing Servs. Corp.</u>, 1998 WL 774984 (N.D.Ill. 1998). Nonetheless, a party may not include specific references to a governing contract in a count for unjust enrichment. *See* <u>Team Impressions, Inc. v. Chromas Technologies</u>, 2003 WL 355647, *4 (N.D.Ill. 2003). RTP's unjust enrichment claim does contain allegations that it entered into a contract with Durham which governed its obligations. Thus, by its own pleadings, RTP established that an unjust enrichment action is inappropriate.

## Count IV - Common Law Fraud

In Count IV plaintiff alleges that Durham fraudulently induced RTP. Durham moves to dismiss the claim, arguing that RTP's allegation that Durham promised to perform a future act with no intention to do so fails to establish fraud. Although we conclude that RTP may well state a legal claim for promissory fraud, it has failed to plead the claim with particularity. Therefore, the claim is dismissed without prejudice.

To state a claim for fraud in Illinois a plaintiff must allege (1) defendant's intentional false statement of material fact for the purpose of inducing the plaintiff's reliance; (2) the plaintiff's actual and reasonable reliance on the statement; and (3) a resulting injury to the plaintiff. <u>Bradley Real Estate Trust v. Dolan Assocs. Ltd.</u>, 266 Ill.App.3d 709, 713, 640 N.E.2d 9, 12 (1st Dist. 1994). Generally, the defendant's false statement must regard present or pre-existing facts, not statements of future intent or conduct. <u>Id.</u>, *citing* <u>HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.</u>, 131 Ill.2d 145, 160, 545 N.E.2d 672, 678-79 (1989). This requirement safeguards against every breach of contract claim becoming a fraud claim as well. <u>Hollymatic Corp. v. Holly Systems, Inc.</u>, 620 F.Supp. 1366, 1369 (N.D.Ill. 1985). However,

promissory fraud is actionable "where the false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud." Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992) *quoting* Steinberg v. Chicago Med. Sch., 69 Ill.2d. 320, 334, 371 N.E.2d. 634, 641 (1977). In other words, a plaintiff can make a claim for promissory fraud when "a party makes a promise of performance, not intending to keep the promise but intending for another party to rely on it, and where the other party relies on it to his detriment." Bower, 978 F.2d at 1011 *quoting* Concord Industries, Inc. v. Harvel Industries Corp., 122 Ill.App.3d 845, 849, 462 N.E.2d 1252, 1255 (1984).

Durham ignores the availability of a promissory fraud action when it broadly asserts in its motion to dismiss that "statements of future intent . . . are not actionable as fraud." Durham relies on North American Plywood Corp. v. Oshkosh Trunk & Luggage Co., 263 F.2d 543 (7th Cir. 1959), to support its argument. This 44-year old case does not reflect the current state of the Illinois common law, which provides an exception to the general rule limiting fraud to misrepresentations of present or pre-existing facts. Id. at 545. More recent case law clearly recognizes promissory fraud actions. *See* Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992); Davis Cos., Inc. v. Emerald Casino, Inc., 2003 WL 22113414, *7 (N.D.Ill. 2003); Concord Industries, Inc. v. Marvel Industries Corp., 122 Ill.App.3d 845, 849, 462 N.E.2d 1252,1255 (1984).

Durham also argues that RTP's allegations of fraudulent intent and injury are too speculative and vague to state a claim. RTP alleges that Durham represented it would employ RTP in connection with the Schools contract, despite having no intention to use RTP's services. RTP maintains that Durham made these representations to induce RTP to prepare materials

which Durham used to secure the Schools contract. RTP further states that as a result of this inducement it prepared the needed materials and made arrangements for an influx of work from Durham, resulting in costs and a changed business position for RTP. These allegations sufficiently allege Durham's fraudulent intent to induce RTP and RTP's resulting injury. *See* Bensdorf & Johnson, Inc. v. Northern Telecom Ltd., 58 F.Supp.2d 874, 881 (N.D.Ill. 1999)(motion to dismiss claim for promissory fraud denied where plaintiff alleged that defendant misrepresented intent to enter into business relationship in order to take advantage of plaintiff's business contacts, and that plaintiff relied on defendant's inducements to its detriment).

Despite the availability of an action for promissory fraud, this claim is dismissed for failure to comply with Fed. R.Civ. P. 9(b). Rule 9(b) requires a complaint to state fraud claims with particularity. In contrast to the pleading requirements for other claims, fraud claims must include specific facts to support the claim. These facts are "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Uni*Quality, Inc. v. Infotrox, Inc., 974 F.2d 918, 923 (7th Cir. 1992). Thus, the plaintiff must plead the who, what, where, and when of the alleged fraud, forcing him "to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999).

RTP's pleadings fail to provide any detail about the who, what, where, or when of the alleged fraud. They do not state who at Durham made representations, nor what the

representations were. They do not describe the representations' form or content. The pleadings do not explain where the representations were made, nor when they were made, other than to say negotiations took place from late 2001 to early 2002. Thus, this count fails to meet the pleading requirements of Rule 9(b) and is dismissed without prejudice.

Count V -Tortious Interference with Prospective Economic Advantage

In Count V, RTP asserts that Durham tortiously interfered with its prospective economic advantage. Durham moves to dismiss this claim on the grounds that the complaint fails to allege any of the required elements of the tort. The claim is dismissed.

In Fellhauer v. City of Geneva, 142 Ill.2d 495, 568 N.E.2d 870 (1991), the Illinois Supreme Court enumerated the required elements of the tort of intentional interference with prospective economic advantage. To state a case the plaintiff must plead "(1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference." Id. at 512. Furthermore, the alleged prospective business relationship must be with a third party, not with the defendant, because "a party cannot be liable in tort for interfering with its own business relationship." Perez v. Abbott Laboratories, 1995 WL 86716, *13 (N.D. Ill. 1995) citing F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago, 754 F.2d 216, 221 (7th Cir. 1985).

RTP does not allege a reasonable expectation of entering into a valid business relationship with a third party. A reasonable expectation of a business relationship is more than a "mere hope" of developing or continuing a relationship. See Williams v. Weaver, 145

Ill.App.3d 562, 569, 495 N.E.2d 1147, 1152 (1st Dist. 1986)(dismissing claim for tortious interference with prospective economic advantage where plaintiff "entertained a hope" that his employment contract would be renewed, but did not demonstrate a "reasonable expectancy" of a future business relationship). The complaint alleges an expectation of future business with the Chicago Public Schools. However, the expectation is not reasonable. RTP states that Durham interfered with plaintiff's "ability to realize the benefits of prospective business for [the Schools], including the business which was the subject matter of the aforesaid contract and such additional business opportunities as to which RTP's participation would have naturally led." However, RTP's business opportunity under the "aforesaid contract" was to provide Durham with employee drug testing. RTP secured this business by negotiating an alleged contract with Durham. As Durham cannot be liable for tortiously interfering with its own business relationship, this fails to support RTP's claim. RTP's reference to additional business opportunities with the Schools, which would have naturally followed its work with Durham, constitutes a mere hope of a future business relationship rather than a reasonable expectation.

Even if RTP had alleged a reasonable expectancy of a business relationship with the Schools, its claim would still be dismissed for failure to allege two other required elements. First, plaintiff's complaint does not state that Durham had knowledge of RTP's reasonable expectation of a future business relationship with the Schools. Second, RTP fails to allege that Durham purposely interfered with its legitimate expectancy of a valid business relationship with the Schools. RTP's assertion that Durham refused to allow plaintiff to perform the work agreed upon supports the contention that Durham purposely interfered with its own current

business relationship with RTP, but it does not support the claim that Durham interfered with RTP's relationship with a third party.

## Count VI - Injunctive Relief

In Count VI, RTP asserts that it is entitled to injunctive relief because its remedy at law is inadequate. Durham moves to dismiss this claim arguing that money damages would compensate any alleged injury and that plaintiff made no showing of a need for injunctive relief. The court agrees that injunctive relief is unwarranted in this case.

When seeking injunctive relief, a party must establish "a lawful right needing protection; an inadequate remedy at law; and that irreparable harm will be suffered without the protection sought." Northrop Corp. v. AIL Systems. Inc., 218 Ill.App.3d 951, 954, 578 N.E.2d 1208, 1210 (1st Dist. 1991). RTP fails to establish an inadequate remedy at law. "A legal remedy is adequate when it is clear, complete and is as practical and efficient in achieving the prompt administration of justice as is the equitable remedy." Id. Illinois courts have repeatedly held that money damages are the appropriate remedy for breach of contract cases. See Lake in the Hills Aviation Group, Inc. v. Village of Lake in the Hills, 298 Ill.App.3d 175,185, 698 N.E.2d 163, 169 (2d Dist. 1998); Northrop Corp., 218 Ill.App.3d at 954-55, 578 N.E.2d at 1210.

Despite Illinois case law, RTP acknowledges that it is seeking injunctive relief for breach of contract. Count VI states, "Durham's conduct prior hereto constituted a breach of Durham's obligations as aforesaid and that Durham should therefore be required, by force of a mandatory injunction under Rule 65, to allow and provide for [RTP's] participation in the aforesaid agreement . . . ." In the same sentence, RTP undermines its argument for injunctive

relief by recognizing a clear legal remedy. Count VI goes on to request payment "in an amount sufficient to recompense RTP for such damages as the trier of fact deems due and owing." Throughout the complaint RTP states that the value of its contract with Durham is $434,547.50.

In <u>Northrop Corp.v. AIL Systems, Inc.</u>, the Illinois Appellate Court affirmed the district court's dismissal of a subcontractor's claim for injunctive relief for breach of contract where monetary damages were available. 578 N.E.2d at 1210. The appellate court cautioned, "Injunctive relief is an extraordinary remedy which should be used sparingly, with due restraint, and only when the circumstances clearly require it." <u>Id.</u> The court found that monetary relief was "clear, complete and more practical and efficient than injunctive relief." <u>Id.</u> Likewise, in this case, RTP's legal remedy is clear and therefore injunctive relief is unwarranted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss all counts brought by plaintiff Cynthia Cooper for lack of standing is granted. Defendant's motion to dismiss plaintiff RTP's Counts I, III, V and VI is granted; Count IV is dismissed without prejudice; and the motion to dismiss Counts II and VII (42 U.S.C. § 1981) is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

_____Sept 18_____, 2003.