IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAPID TEST PRODUCTS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) No. 03 C 2431 |
| DURHAM SCHOOL SERVICES a/k/a ROBINSON BUS SERVICES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rapid Test Products (RTP) brought this action against defendant Durham School Services (Durham) alleging violation of 42 U.S.C. § 1981, breach of contract, defamation and promissory fraud, after defendant failed to use RTP as a subcontractor for the Chicago Public Schools (CPS). Durham moved for summary judgment, and the court granted that motion after concluding that no contract existed to support the section 1981 claim. The remaining claims (and counterclaims) were dismissed without prejudice. *See* Rapid Test Products, Inc. v. Durham School Services, 2005 WL 2007134, 2005 U.S. Dist. LEXIS 17105 (N.D. Ill. 2005). RTP now moves for reconsideration and, for the following reasons, its motion is denied.

RTP moves for reconsideration under Fed. R. Civ. P. 59, which requires any motion to alter or amend judgment to be filed no later than ten days after entry of judgment. The court granted Durham's summary judgment motion on August 12, 2005, and judgment was entered on August 15, 2005. *See* Rule 58(a). RTP filed its motion to reconsider on August 26, 2005, which is within the ten-day filing period. *See* Rule 6(a).

Motions to reconsider serve a limited function to correct manifest errors of law or fact,

introduce newly-discovered evidence, or present an intervening change of law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59 enables district courts to correct their own errors, sparing "the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Division of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). A Rule 59(e) motion does not serve as an opportunity to rehash previously raised arguments. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Turning to the substance of RTP's motion, it contends that it was patently misunderstood by the court (*see* Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). However, before reaching that argument we reiterate the central points of the August 12, 2005, opinion.

The court observed that RTP assumed the existence of a contract and alleged that Durham discriminated against it in the execution of that contract. Rapid Test Products, 2005 WL 2007134, *3. RTP and Durham failed to reach an accord on essential terms necessary for the formation of a valid contract, and, as a result, they did not create an enforceable agreement. *Id.* at *4-6. RTP claimed that Form 103A evidenced an agreement between it and Durham, but that form was merely a condition in the contract between Durham and CPS. *Id.* at 6. Further, it stated that RTP would perform actual drug testing of Durham employees, which Cynthia Cooper acknowledged RTP could not do. No mention of administrative services – which RTP continues to assert it contracted to perform – was included within the form. The court also concluded that RTP's inclusion in the bid proposal sent by Durham to CPS did not create a contractual relationship. In sum, no issues of material fact supported the existence of a contract between RTP and Durham.

RTP argues that the court "may have misconstrued" the facts it presented, and that

those facts do not support the court's conclusions. RTP states that it contracted to provide administrative and billing services in connection with drug testing, and that definite terms, such as the time period, object and payment structure of the agreement, exist. The contract between Durham and CPS sets a general time period that presumably would control the contractual relationship between Durham and its subcontractors. Without more, the terms "administrative services" or "billing services" provide insufficient detail necessary for a court, or any party, to determine if any obligations have been met or broken. *See* Academy Chicago Publishers v. Cheever, 144 Ill.2d 24, 578 N.E.2d 981, 984, 161 Ill. Dec. 335 (Ill. 1991). Cooper acknowledged that the parties never agreed what RTP would actually do, nor did they establish RTP's responsibilities. *See* RTP resp. to statement of facts ¶¶ 41, 57. The terms of payment do not, as RTP contends, definitively establish that RTP was to receive 2 per cent of the prime contract's value. The 2 per cent value appears on Form 103A, and the court has already observed that the value is based on "services that RTP could not perform and services that were ambiguous and undefined." Rapid Test Products, 2005 WL 2007134, 5 n.2. Further, Thompson and Cooper testified that the $5,000 paid by Durham to RTP was for fingerprinting, not administrative or billing services.

RTP attaches a letter to its motion to reconsider that was sent by Rudy Thompson to Quest Diagnostics on August 19, 2002. Durham engaged Quest to perform drug testing of its bus drivers. In the letter, Thompson informed Quest of RTP's certification and invited Quest to contact him and Cooper "to establish a dialogue on business services as it relates to the MBE plan." This invitation to dialogue hardly supplies the details necessary to ascertain the nature of administrative and billing services. The letter is not, as RTP asserts, inconsistent with Durham's theory that no contract existed. Rather, it is consistent with the court's finding that

Durham and RTP were still discussing what RTP was to do, without having reached an agreement.

RTP disagrees with the court's brief reference to MedRX, a firm Durham used after it severed ties with RTP. The court cited MedRX's experience to illustrate that Form 103A did not serve as a contract between the named subcontractor and Durham. RTP references its statement of facts and testimony of Rosalinda Castillo, who noted that Durham's alteration of the terms of payment "is a breach of contractor's obligation to CPS." She did not say that Durham breached any obligation owed to MedRX. RTP also claims that Durham misrepresented facts and fabricated a rationale for not using RTP on the CPS contract. Durham could not, however, misrepresent or fabricate the material facts because the court determined that those facts – terms to support a binding agreement – do not exist.

Federal jurisdiction hinged on the section 1981 claim, and when it was disposed of the remaining claims were dismissed without prejudice. RTP asks the court to reconsider its dismissal of those claims. If matters were to proceed in this court, they would do so without any federal claim, and also without one of RTP's primary state law claims – breach of contract. Retaining jurisdiction could resolve the remaining claims, but, considering RTP's continued assertion that a contract exists, an appeal would still be a realistic event. Judicial economy is best served by dismissing the remaining claims without prejudice.

## CONCLUSION

For the foregoing reasons, RTP's motion is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 19, 2005.