IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAPID TEST PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 2431 |
| | ) | |
| DURHAM SCHOOL SERVICES a/k/a | ) | |
| ROBINSON BUS SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rapid Test Products, Inc. ("Rapid Test") seeks leave to file *instanter* a supplemental memorandum in opposition to defendant Durham School Services' (Durham) motion for summary judgment. Rapid Test includes with its proposed memorandum the affidavit of Cynthia Cooper, president of Rapid Test. Durham objects to the late filing of the supplemental memorandum and to the inclusion of the Cooper affidavit. For the following reasons we grant plaintiff's motion, and sustain defendant's objection to the Cooper affidavit.

## BACKGROUND

Rapid Test brought the instant action against Durham for damages under § 1981 of the Civil Rights Act, along with several pendent state claims.[1] At the close of discovery, both parties filed motions for summary judgment. We granted Durham's motion on the § 1981 claim, and dismissed the state claims without prejudice. Rapid Test Prods. v. Durham Sch. Servs., 2005 U.S. Dist. LEXIS 17105 (N.D. Ill. 2005). Our reading of plaintiff's pleadings led

---

[1] We assume the reader is familiar with the background of this case. For a full recitation of the facts, we refer the reader to Rapid Test Prods. v. Durham Sch. Servs., 2005 U.S. Dist. LEXIS 17105 (N.D. Ill. 2005) and Rapid Test Prods. v. Durham Sch. Servs., 460 F.3d 859 (7th Cir. 2006).

us to the conclusion that plaintiff was relying exclusively on the existence of a contract with Durham to support its claim. The Seventh Circuit disagreed, finding that plaintiff sufficiently stated a claim under § 1981 with regards to discrimination in the formation of a contract, and that for such a claim no contract need exist. Rapid Test Prods. v. Durham Sch. Servs., 460 F.3d 859 (7th Cir. 2006). The Seventh Circuit did not disturb this court's finding that a contract did not exist between plaintiff and defendant, but vacated this court's judgment and remanded the case back for a determination of whether or not plaintiff could show an issue of material fact as to discrimination in contract formation.

Subsequent to remand, this court set a schedule for supplemental briefing on Durham's summary judgment motion in light of the Seventh Circuit opinion. After the granting of an extension of time to file, Rapid Test failed to file its supplemental memorandum by the due date of December 29, 2006, and instead moved for leave to file *instanter* on January 17, 2007. Attached to plaintiff's proposed memorandum was an affidavit from Cooper, which was new and not presented during discovery. Defendant opposes the filing of the memorandum after the due date, and objects to the Cooper affidavit on grounds that discovery has already closed, that it is being used for the impermissible purposes of creating an issue of fact and bolstering, and that the witness is testifying to subjects of which she has no personal knowledge. Defendant further requests that this court impose sanctions and costs on plaintiff.

## ANALYSIS

Federal Rules of Civil Procedure Rule 6 governs Rapid Test's motion. That rule provides, in pertinent part, that we may permit Rapid Test's late brief "upon motion made after the expiration of the specified period...where the failure to act was the result of excusable negligence." The Supreme Court has held that the determination of whether a party's acts are

the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Partnership, 507 U.S. 380, 395 (U.S. 1993). The factors we consider include "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

Rapid Test asserts that it failed to file its supplemental brief on December 29, 2006, because it was unable to access the e-filing system of the district court. The firm's office manager, who normally performs this task and possesses the correct log-in and password, had left the firm prior to her scheduled maternity leave and the password was not known by other staff. Additionally, a new server had been installed in the office and was still being debugged. At one point the entire case file was "lost" and the staff worked with "backup" copies. Rapid Test also states that as December 29th fell just before the long holiday weekend (including January 2, 2007, which was a court holiday honoring the late President Ford), counsel had few staff members available to assist with the filing. Rapid Test asserts that on January 2, 2007, it was still experiencing problems with the e-filing system, and when defendant's counsel called inquiring as to why they had not yet received the document, plaintiff's counsel faxed them a copy, even though it had not as yet been filed. This afforded defendant's counsel the opportunity to commence working on its response. By Monday, January 8, 2007, due to the ongoing computer problems, the brief had still not been filed. Plaintiff then received defendant's objections to the yet-to-be-filed brief, and researched the issues raised therein. Rapid Test asserts that on the following Friday, January 12, defense counsel called plaintiff's counsel and left a message stating that perhaps the parties should talk before "taking any

action in court." With the second intervening holiday of Martin Luther King's birthday on Monday, January 15, 2007, the parties did not speak again until January 17, 2007, and on that date plaintiff's counsel confirmed that no discussion was needed and that they should file their motion, which they did.

We find this delay slightly prolonged, but excusable. Clearly the delay from December 29 to January 8 was excusable due to the inability to electronically file the document, along with other computer system problems and the long holiday. The later delay is also excusable, as it was due to either a miscommunication, or at the very least plaintiff's confusion as to whether defense counsel wanted to discuss matters before plaintiff filed.

The most crucial factor in favor of granting plaintiff leave to file is that defendant will not be prejudiced by plaintiff's late filing. Defendant has not alleged that it was prejudiced by the delay, nor could it. Plaintiff delivered a copy of the brief to defense counsel on the day it would have been accessible online had it been filed on time. In fact, defendant presented plaintiff with objections to the brief prior to the brief actually being filed. We find that plaintiff has sufficiently shown an excusable delay for the late filing of its brief, and that defendant will not be prejudiced by the filing. Therefore we grant plaintiff leave to file its supplemental memorandum *instanter*.

However, we do not grant plaintiff leave to file its memorandum to include the attached affidavit of Cynthia Cooper. Discovery on this matter closed on October 8, 2004 (*see* plf. motion for 14-day extension for discovery, dkt. #30, Sept. 16, 2004). Plaintiff asserts that the Seventh Circuit's opinion provides for additional discovery so plaintiff could submit evidence of discrimination. We do not so read the Seventh Circuit opinion. The Seventh Circuit concluded that "maybe Rapid Test did not do enough to alert the district judge to this aspect

of its claim." 460 F.3d at 861. We do not read this as permitting plaintiff to engage in more discovery, but only to grant plaintiff permission to file a supplemental memorandum to better argue its point. Plaintiff points to the language in the Seventh Circuit opinion that "if anything was forfeited in the district court, the benefit of that forfeiture has been forfeited in turn on appeal," (*id.*), arguing that this permits plaintiff to submit this additional affidavit and engage in additional discovery. This language is not as broad as plaintiff alleges. When read in context, the quote specifically means that any forfeiture that may have occurred in Rapid Test's failure in the district court to preserve its argument of pre-contract discrimination was mooted by Durham's failure to argue for forfeiture of the argument on appeal. This statement does not mean that plaintiff is entitled to engage in further discovery, but is entitled to better articulate its argument.

Furthermore, there is apparently no need for this affidavit. Plaintiff asserts in its reply that the contents of the affidavit are not new, and it provides the court with a comparison of statements in the affidavit with statements from Cooper's earlier deposition testimony. Plaintiff asserts that the fact that the affidavit and deposition include the same information is reason for us to permit plaintiff to file the affidavit. We disagree. If the affidavit is so similar to the deposition testimony, there is no need for the affidavit. Plaintiff's own presentation demonstrates that the deposition sufficiently equips plaintiff to make its arguments. As discovery in this case has been closed for almost three years, and this affidavit at best does nothing more than bolster Cooper's deposition testimony, we deny plaintiff leave to file its supplementary brief to include the Cooper affidavit. We grant plaintiff leave to modify its supplemental memorandum to reflect this court's opinion. We deny defendant's request for sanctions and costs.

## CONCLUSION

For the foregoing reasons, we grant plaintiff leave to file its supplemental memorandum within seven days from the date of this order, in accordance with this opinion. Defendant will file its response within fourteen days after the date of plaintiff's filing, and plaintiff's reply will be due within seven days after the filing of defendant's response. Defendant's requests for sanctions and costs are denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 26, 2007.