## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RAPID TEST PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 2431 |
| | ) | |
| DURHAM SCHOOL SERVICES a/k/a | ) | |
| ROBINSON BUS SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff moves for reconsideration of this court's earlier order denying plaintiff leave to file the supplemental affidavit of Cynthia Cooper in response to defendant's motion for summary judgment. We reasoned that the affidavit constituted additional discovery, which was not anticipated by the Seventh Circuit's holding when it remanded the case for our reconsideration of the specific issue of discrimination in contract formation. We further held that the additional affidavit was not necessary, as it did nothing more than reiterate Cooper's deposition testimony. Plaintiff asks us to reconsider our ruling and we do so in part.

In support of its motion, plaintiff cites several cases holding that the filing of a supplemental affidavit, in response to a motion for summary judgment, is proper, as long as the affidavit supplements but does not contradict the affiant's prior deposition testimony. *See e.g.,* Shepherd v. Slater Steels Corp., 168 F.3d 998, 1007 (7th Cir. 1999). Defendant notes that plaintiff has not provided this court with any cases where supplemental affidavits were permitted after a remand of an earlier summary judgment ruling. However, upon reconsideration, we agree with plaintiff that at least portions of the supplemental affidavit

should now be permitted – just as they would have been permitted in the first instance – since the Seventh Circuit's remand is essentially an opportunity for plaintiff to "re-do" a specific argument against summary judgment.

Yet, we do not permit Cooper's affidavit to be admitted in *toto*. The majority of the affidavit does not deal with discrimination in the formation of the contract, but whether or not a contract was actually formed – an issue not now before this court. The Seventh Circuit affirmed our holding that no contract existed, and that became the law of the case. United States v. Morris, 259 F.3d 894, 898 (7th Cir. 2001). To the extent that Cooper's affidavit deals with issues outside the scope of the still-pending discrimination claim, it will not be permitted to supplement plaintiff's brief. The remaining portions may be used to supplement the brief, and we find that their admission will not prejudice defendant – it concedes that both subject areas were addressed in Cooper's deposition (though perhaps not in quite as much detail as she now recalls). Miller v. A.H. Robins Co., 766 F.2d 1102, 1104 (7th Cir. 1985)(inconsistent affidavit may be permitted where affiant lacked access to material facts and the affidavit sets forth the newly discovered evidence).

CONCLUSION

For the foregoing reasons, we grant plaintiff's motion in part and deny it in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 10, 2007.