

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAPID TEST PRODUCTS, INC.,          )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )     No. 03 C 2431
                                    )
DURHAM SCHOOL SERVICES /a/k/a       )
ROBINSON BUS SERVICES, INC.,        )
                                    )
            Defendant.              )

## MEMORANDUM OPINION AND ORDER

On October 10, 2007, this court entered an order that it would only consider certain portions of the supplemental affidavit of Cynthia Cooper, president of plaintiff Rapid Test Products, which was filed in opposition to defendant Durham School Services' motion for summary judgment. Rapid Test Prods. v. Durham Sch. Servs., No. 03c2431, 2007 U.S. Dist. LEXIS 76197 (N.D. Ill. 2007). Since the parties are unable to agree on what specific portions of the affidavit are affected, defendant filed this motion for clarification, which we grant in part.

In our October 10, 2007, order, we held that plaintiff may supplement its opposition brief with those portions of the Cooper affidavit that relate to discrimination in the formation of the contract, but could not use other portions in an attempt to re-argue whether or not a contract was actually formed – an issue already resolved by an earlier ruling by the court. Rapid Test Prods. v. Durham Sch. Servs., 2005 U.S. Dist. LEXIS 17105 (N.D. Ill. 2005), *vacated and remanded on other grounds,* 460 F.3d 859 (7th Cir. 2006). Defendants move for clarification, asking the court to specify precisely which portions of the affidavit are to be excluded. They argue that all of it should be excluded as irrelevant, except for pages 1 and 16.

**Plaintiff, on the other hand, argues that none of it should be excluded because it all relates to one of the elements of a § 1981 discrimination claim, *i.e.*: (1) plaintiff is a member of a racial minority; (2) defendant had intent to discriminate based on race; and (3) the discrimination concerned the "making or enforcing of a contract," 42 U.S.C. § 1981.**

**We disagree with both parties. Clearly more than two pages of the affidavit are relevant to plaintiff's discrimination claim. Pages 2-5 discuss the incidents leading up to the awarding of the contract to Durham, and thus are relevant to demonstrate that the conduct concerned the making of a contract. The same can be said for pages 11-17, beginning with section E, discussing the eventual termination of the parties' relationship and allusions to racial discrimination. Section D, beginning at page 8 and continuing to page 11, is not relevant. It is specifically rehashing questions asked by defense counsel during Cooper's deposition about the existence or non-existence of a contract.**

**We cannot say with certainty that the remaining portions of the affidavit not already discussed are or are not relevant to plaintiff's claims. Plaintiff may decide that some statements in pages 5-8 are relevant to its claim, and in such an event it should be permitted to refer to them. However, we advise plaintiff to limit its briefing to the issue at hand, as it would be a waste of time to focus on facts and arguments that the court, in its discretion, will ignore as irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)("Factual disputes that are irrelevant or unnecessary will not be counted").**

James B. Moran

**JAMES B. MORAN**
**Senior Judge, U. S. District Court**

**Nov. 27, 2007.**